Filed 8/1/24  P. v. Brown CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FREDERICK BROWN,<br><br>    Defendant and Appellant. | F086107<br><br>(Super. Ct. No. SC077348A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Detjen, J. and Snauffer, J.

## INTRODUCTION

Defendant Frederick Brown appeals from a judgment following resentencing pursuant to Penal Code[1] section 1172.75. He argues that subdivision (c)(2)(C) of section 1385 required the trial court to dismiss a prior serious felony enhancement (§ 667, subd. (a)) because defendant's sentence exceeded a term of 20 years. We reject the argument and affirm.

## PROCEDURAL BACKGROUND[2]

In 1999, a jury convicted defendant of rape by force (§ 261, subd. (a)(2); count 1) and incest (§ 285; count 2). In bifurcated proceedings, the trial court determined defendant had suffered two prior serious felony convictions (§ 667, subd. (a)), which also constituted strikes (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)), and had served five prior prison terms, two of which were related to the prior serious felony convictions (§ 667.5, former subd. (b)). The trial court sentenced defendant to an aggregate term of 38 years to life, which consisted of a term of 25 years to life on count 1, consecutive five-year terms on each of the two prior serious felony enhancements, and consecutive one-year terms on each of three prior prison term enhancements.[3] Sentence on count 2 was imposed and stayed pursuant to section 654.

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b) to provide that a prior prison term enhancement may be imposed only if the prior prison term was imposed for certain qualifying sexually violent

---

[1] Undesignated statutory references are to the Penal Code.

[2] The facts underlying defendant's convictions are not relevant to the issues raised on appeal. We therefore dispense with a statement of facts.

[3] Two of the prior prison term enhancements were stricken due to them arising from the same offenses that constituted the prior serious felonies and strikes.

offenses.[4]  Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483) retroactively invalidated prior prison term enhancements previously imposed under the former law.  (Stats. 2021, ch. 728, § 3; see former § 1171.1 (now § 1172.75).)  Senate Bill No. 483 also provided a procedure for recall and resentencing of individuals whose prior prison term enhancements had been rendered invalid by the bill. (Former § 1171.1.)  That procedure is now codified in section 1172.75.

On June 16, 2022, the Department of Corrections and Rehabilitation identified defendant as potentially eligible for resentencing pursuant to section 1172.75 and subsequently transmitted notification of this identification to the superior court.

On February 10, 2023, defendant filed a petition for resentencing pursuant to section 1172.75.  Defendant requested that the court dismiss the prior prison term enhancements and at least one of the prior serious felonies pursuant to subdivision (c)(2)(B) of section 1385, and that the court consider striking one of the prior strikes pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

The matter was heard on April 12, 2023.  The trial court recalled the sentence and struck the prior prison term enhancements.  The court denied defendant's *Romero* request on the ground that striking one of the prior strike convictions was not in the interests of justice.  However, the court granted defendant's request to strike one of the prior serious felony enhancements pursuant to section 1385, subdivision (c)(2)(B).  The trial court resentenced defendant to an aggregate term 30 years to life, consisting of a term of 25 years to life on count 1, plus five years for the remaining prior serious felony enhancement.  Sentence on count 2 was once again imposed and stayed pursuant to section 654.

_____

[4] Defendant's prior prison term enhancements were not imposed for sexually violent offenses.

## DISCUSSION

Defendant contends section 1385, subdivision (c)(2)(C) mandates dismissal of an enhancement where, as in the instant case, the resulting sentence exceeds a term of 20 years. Because the trial court did not dismiss his second prior serious felony enhancement, he argues his sentence is illegal and the remaining prior serious felony enhancement must be dismissed.

As an initial matter, we note that, in the trial court, defendant sought dismissal of only one of his two prior serious felony enhancements. On appeal, defendant does not claim that the trial court abused its sentencing discretion in imposing the second prior serious felony enhancement and any such claim would be forfeited. (*People v. Scott* (1994) 9 Cal.4th 331, 352–353.) We therefore consider only defendant's claim that dismissal of the enhancement is mandatory and failure to dismiss resulted in an illegal sentence.

At the time of defendant's original sentencing, the court was prohibited from striking the prior serious felony enhancement. (*People v. Cepeda* (2021) 70 Cal.App.5th 456, 461; *People v. Reneaux* (2020) 50 Cal.App.5th 852, 875.) Subsequently Senate Bill No. 1393 (2017–2018 Reg. Sess.) removed this prohibition. (Stats. 2018, ch. 1013, §§ 1, 2.) Additionally, Senate Bill No. 81 (2021–2022 Reg. Sess.) and Assembly Bill No. 200 (2021–2022 Reg. Sess.) respectively added, and later amended, section 1385, subdivision (c), which now provides in relevant part as follows:

> "(c)(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.

4.

'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others. [¶] . . . [¶]

"(B) Multiple enhancements are alleged in a single case. In this instance, *all enhancements beyond a single enhancement shall be dismissed.*

"(C) The application of an enhancement could result in a sentence of over 20 years. *In this instance, the enhancement shall be dismissed.*" (Italics added.)

When the trial court resentenced defendant pursuant to section 1172.75, it was required to apply this amendment to section 1385 as well as any other intervening changes in law. (See § 1172.75, subd. (d)(2).)

As stated, defendant argues subdivision (c)(2)(C) of section 1385 mandates dismissal of any enhancement that results in a sentence of over 20 years. This argument, as well as a similar argument based on similar language contained in subdivision (c)(2)(B) of section 1385, has been rejected by every court to consider it, including this court. (*People v. Cota* (2023) 97 Cal.App.5th 318, 335 (*Cota*) [collecting cases].)

Both subdivision (c)(2)(B) and subdivision (c)(2)(C) of section 1385 provide that an enhancement "shall be dismissed" when certain circumstances are met. "[U]se of the term 'shall' in a statute is generally mandatory, not permissive." (*People v. Anderson* (2023) 88 Cal.App.5th 233, 239, review granted Apr. 19, 2023, S278786 (*Anderson*).) However, in the context of section 1385, the phrase "shall be dismissed" (§ 1385, subd. (c)(2)(B), (c)(2)(C)) "appears as a subpart to the general provision that a 'court shall dismiss an enhancement *if* it is in the furtherance of justice to do so.' " (*Anderson*, at p. 239.) Furthermore, while exercising its discretion under subdivision (c) of section 1385, the court must afford great weight to the factors set forth in subparagraphs (c)(2)(B) and (c)(2)(C), and those factors "weigh[] greatly" in favor of dismissal "unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) Thus, dismissal of an enhancement is appropriate only when dismissal is in the interests of justice and would not endanger public safety. (*People v.*

*Mendoza* (2023) 88 Cal.App.5th 287, 296; *Anderson*, at pp. 239–240.)  In contrast, if we were to read the phrase "shall be dismissed" in section 1385, subdivision (c)(2)(C) as mandating dismissal in all circumstances, the court would be required to dismiss an enhancement, even when not in the interests of justice to do so and even when doing so would endanger public safety.  (*Cota*, *supra*, 97 Cal.App.5th at p. 337.)  Dismissal therefore is not mandatory in every circumstance where the resulting sentence exceeds a term of 20 years.[5]

As defendant acknowledges, this court adopted the foregoing analysis in *Cota*. (*Cota*, *supra*, 97 Cal.App.5th at pp. 335–340.)  Defendant contends *Cota* and the cases it relied on "reached the wrong conclusions regarding the mandatory 'shall' language in section 1385, subdivision (c)(2)(C)."  However, defendant's arguments do not persuade us to depart from our analysis in *Cota*.  We therefore conclude that section 1385, subdivision (c)(2)(C) does not mandate dismissal of an enhancement in all circumstances where the resulting sentence exceeds 20 years.

## DISPOSITION

The judgment is affirmed.

---

[5] To the extent there is any ambiguity in the plain language of the statute, the evolution of the statute and its legislative history also make clear that the Legislature intended for courts to retain discretion to impose an enhancement in circumstances where dismissal would endanger public safety.  (See *Cota*, *supra*, 97 Cal.App.5th at p. 337; *Anderson*, *supra*, 88 Cal.App.5th at pp. 240–241, rev. granted; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 19–20.)